UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARD ROCK CAFE INTERNATIONAL (USA), INC., <br><br>        Plaintiff,<br><br>        v.<br><br>HARD ROCK HOTEL HOLDINGS, LLC, HARD ROCK HOTEL, INC., HRHH IP, LLC, MORGANS HOTEL GROUP CO., MORGANS HOTEL GROUP MANAGEMENT, LLC, MORGANS GROUP, LLC, DLJMB HRH VOTECO, LLC, DLJ MB IV HRH, LLC, DLJ MERCHANT BANKING PARTNERS IV, L.P., TURNER BROADCASTING SYSTEM, INC., BRAD LACHMAN PRODUCTIONS, INC. and GENCO ENTERTAINMENT, INC.,<br><br>        Defendants. | Case No. 10 CV 7244 (WHP)<br><br>**RULE 26(f) REPORT<br>OF THE PARTIES** |

1. **Date of Rule 26(f) Conference:**

    November 22, 2010

2. **Counsel who participated in the Rule 26(f) Conference:**

| Name of counsel | Address | Telephone and Fax Numbers | Party represented |
|---|---|---|---|
| Bruce R. Ewing, Esq., Brooke E. Pietrzak, Esq. and Gianfranco Mitrione, Esq. | Dorsey & Whitney LLP<br>250 Park Avenue<br>New York, New York 10177 | T (212) 415-9200<br>F (212) 953-7201 | Plaintiff Hard Rock Cafe International (USA), Inc. |
| Jeremy Feigelson, Esq. and Julie Calderon Rizzo, Esq. | Debevoise & Plimpton LLP<br>919 Third Avenue<br>New York, New York 10022 | T (212) 909-6000<br>F (212) 909-6836 | Defendants Hard Rock Hotel Holdings, LLC, Hard Rock Hotel, Inc. and HRHH IP, LLC (the "Hard Rock Defendants") and Morgans Hotel Group Co., Morgans Hotel Group Management, LLC, Morgans Group, LLC, DLJMB HRH VoteCo, LLC, DLJ MB IV HRH, LLC, and DLJ Merchant Banking Partners IV, L.P. (the "Equity Holder Defendants") |

23326834v3

| James Regan, Esq. | Satterlee Stephens Burke & Burke LLP<br>230 Park Avenue<br>New York, New York 10169 | T (212) 818-9200<br>F (212) 818-9606 | Defendants Turner Broadcasting System, Inc., Brad Lachman Productions, Inc. and Genco Entertainment, Inc. (the "Turner Defendants") |
|---|---|---|---|

**3.     Initial Disclosures**

The parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a) shall be made by December 15, 2010.

**4.     Subjects on Which Discovery May be Needed**

A.     Plaintiff submits that discovery may be needed on the following topics:

- The 1996 License Agreement

- The Hard Rock Defendants' agreements with actual or potential licensees and sublicensees regarding the HARD ROCK trademarks

- The "Rehab" pool parties held at the Las Vegas Hard Rock Hotel

- The truTV program entitled "Rehab: Party at the Hard Rock Hotel"

- The Defendants' use of the HARD ROCK Marks and/or the SAVE THE PLANET trademark referenced in the First Amended Complaint

- The Hard Rock Defendants' use of the HRH trademark referenced in the First Amended Complaint

- Activities at the Hard Rock Hotel & Casino in Tulsa, Oklahoma

- Activities at the Hard Rock Hotel & Casino in Albuquerque, New Mexico

- The internet domain names referenced in the First Amended Complaint

- Defendants' revenues and profits

B. The Hard Rock Defendants and the Equity Holder Defendants currently believe that, subject to (i) their intended motions to dismiss and to compel arbitration (see November 12 letter to the court) and (ii) their request for a discovery stay pending the resolution of threshold motions (see section 5(b), infra), in due course discovery may be needed on the following topics:

-2-

1. The 1996 License Agreement.

2. All matters put in issue by the pleadings regarding the television show "Rehab," including but not limited to communications between Plaintiff and Hard Rock Defendants regarding the show, communications within Plaintiff's organization and between Plaintiff and third parties, the title of the show, and how the public has received the show, including any alleged complaints or other communications regarding the show received from members of the public or others.

3. All matters put in issue by the pleadings regarding the Tulsa, Oklahoma and Albuquerque, New Mexico properties, including but not limited to the use of the allegedly infringing trademarks depicted in the Amended Complaint; Plaintiff's awareness of and/or acquiescence to the use of the allegedly infringing trademarks depicted in the Amended Complaint at the Tulsa, Oklahoma and Albuquerque, New Mexico properties; and the quality of the range of services, character of the establishment and the experience offered to customers at the Tulsa, Oklahoma and Albuquerque, New Mexico properties, including Plaintiff's views of such quality and character.

4. All matters put in issue by the pleadings regarding the use of the acronym "HRH", including but not limited to communications between Plaintiff and the Hard Rock Defendants regarding the acronym, communications within Plaintiff's organization and between Plaintiff and third parties, Plaintiff's alleged use of the acronym "HRH" and its efforts to register trademarks for the mark "HRH", and any and all evidence regarding Plaintiff's awareness of and/or acquiescence to the use of the acronym "HRH" by the Hard Rock Defendants.

5. All matters put in issue by the pleadings regarding the mark "SAVE THE PLANET", including but not limited to any efforts by Plaintiff to register or use the mark and any alleged use or infringement of the mark by defendants.

6. All matters put in issue by the pleadings regarding websites and Internet domain names, including but not limited to the registration of the domain names identified in the amended complaint; Plaintiff's registration of "hardrockcasinoalbuquerque.com" and any other domain names that implicate defendants' rights; and Plaintiff's practices with regard to the listing of the Tulsa, Oklahoma and Albuquerque, New Mexico properties on its websites.

7. All matters put in issue by the pleadings with respect to Plaintiff's reputation and the nature and quality of services offered at Plaintiff's facilities, including but not limited to the nature and quality of the "Detox" parties at plaintiff's Biloxi, Mississippi property and any and all similar pool parties or other events, how such events are marketed and promoted, and any comments received from the public concerning such events.

8. All matters put in issue by the counterclaims, including but not limited to Plaintiff's practices with respect to listing of Defendants' facilities on the Internet, efforts to engage in business in the Morton Territories in violation of legal and contractual restrictions, Plaintiff's communications with the defendants' actual and potential business

partners and lenders, and Plaintiff's statements and other efforts made with the purpose and/or effect of deterring potential development partners, lenders and/or sublicensees from doing business with the Hard Rock Defendants.

9. The parties' respective claims of damage.

C. Turner Defendants

The claims against the Turner Defendants only relate to that limited portion of Plaintiff's First Amended Complaint relating to the reality series Rehab telecast on the truTV cable television network ("Rehab"). As set forth in further detail below, to the extent any discovery is ultimately necessary relating to the Rehab program, the relevant topics on which discovery may be needed are adequately identified above.

**5.      Commencement of Discovery Period**

a)      Plaintiff's Position

Plaintiff proposes that discovery begin following the Initial Pre-Trial Conference scheduled for December 3, 2010. As the Court is aware, the Hard Rock Defendants have advised that they intend to file a motion to dismiss some of Plaintiff's claims and/or have others referred to arbitration, and the Equity Holder Defendants have advised that they intend to move to dismiss all claims asserted against them. The Hard Rock Defendants and the Equity Holder Defendants have likewise advised at the Rule 26(f) conference that they believe a stay of all discovery should be imposed while those motions, and Plaintiff's motion to dismiss the counterclaims, are pending.

The fact that these Defendants intend to file motions to dismiss and/or to compel arbitration does not warrant a stay of discovery, as the motions are not seeking dismissal or arbitration of all claims against all parties. Thus, this litigation will continue to move forward

regardless of the result of the parties' planned motions.  Contrary to the arguments advanced below by all Defendants, substantial portions of this case will remain to be adjudicated by this Court irrespective of whether any motion to dismiss is granted.  Indeed, all of Plaintiff's claims concerning the wrongful registration of domain names belonging to Plaintiff, the infringement of Plaintiff's HRH and SAVE THE PLANET trademarks, the diluting effect of the "Rehab" television program on Plaintiff's HARD ROCK Marks, unauthorized sublicensing and multiple violations of various provisions of the 1996 License Agreement will be resolved by this Court, regardless of how any planned motion to dismiss is decided.

Further, Defendants proceed from the assumption that a stay of discovery should follow as a matter of course whenever a motion to dismiss is filed, but this is not so.  *Rivera v. Incorporated Village of Farmingdale*, No. CV 06-2613 (DRH)(ARL), 2007 WL 3047089 (E.D.N.Y. Oct. 17, 2007) ("the law is clear in this court that there is no automatic stay of discovery pending the determination of a motion to dismiss").  Rather, the party seeking a stay of discovery must establish "good cause" for a stay, but none exists here.  *See Hollins v. United States Tennis Ass'n*, 469 F.Supp.2d 67, 78-79 (E.D.N.Y. 2006) (denying stay of discovery where need for depositions of non-party witnesses and fact that not all of action was subject to planned motion to dismiss weighed against grant of stay).  All parties agree that this case will not be dismissed in its entirety, and the burdens discovery will impose will fall equally on both Defendants and Plaintiff, which is also seeking to dismiss the counterclaims filed by certain of the Defendants.  Further, given that it will take at least several months for the planned motions to dismiss to be briefed, argued and decided, there is a risk that evidence, particularly materials in the possession of third parties, may grow stale or become unavailable, thereby prejudicing Plaintiff.  Accordingly, Plaintiff believes that discovery should begin immediately.

b)      Hard Rock Defendants' and Equity Holder Defendants' Position

The Hard Rock Defendants and the Equity Holder Defendants believe it would be appropriate to stay all discovery pending the resolution of the threshold motions.  Defendants' motions hold out the prospect that certain major claims will be dismissed or referred to arbitration, and that all of the Equity Holder Defendants will be excluded from this case altogether.  *See Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987) (requiring discovery prior to resolution of threshold motions would "defeat the purpose of [the] motion[s]") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981)) (affirming district court's order to prevent further discovery prior to deciding motion to dismiss).  Fairness and efficiency call for the motions to be decided first so that burdensome, costly discovery is not inflicted before the Court has the opportunity to consider whether these matters and parties are properly before it.

Defendants' motions, if successful, would reduce the scope of discovery in the following specific and substantial ways:

- If the Hard Rock Defendants succeed on their motion to compel arbitration, then all matters having to do with the quality of the "Rehab" television show - as well as the quality of the Tulsa and Albuquerque properties - would be out of the court case.  The parties are contractually bound to arbitrate quality control disputes under the rules of the American Arbitration Association.  Those rules strictly limit document production to whatever may be specifically directed by the arbitrator; they make no provisions for depositions, interrogatories or any other discovery.  *See* AAA Commercial Arbitration Rules and Mediation Procedures, Rule R-21 (located at http://www.adr.org/sp.asp?id=22440#R21).  Reducing the cost and burden of discovery is one of the central purposes of arbitration.  *See In the Matter of the Arbitration between Commercial Solvents Corp. and Louisiana Liquid Fertilizer Co., Inc.*, 20 F.R.D. 359, 362 (S.D.N.Y. 1957) ("The fundamental differences between the fact-finding process of a judicial tribunal and those of a panel of arbitrators demonstrate the need of pretrial discovery in the one and its superfluity and utter incompatibility in the other.").  It would defeat that purpose to begin discovery here.

- If the Hard Rock Defendants succeed on their motion to dismiss the claim for breach of the License Agreement with respect to "Rehab", then the only issue remaining in the case regarding the show would be whether plaintiff's rights were infringed by the inclusion of the words "Hard Rock Hotel" in the title.  All

-6-

  matters having to do with the content and quality of the show, over its three-season lifespan, would be out of bounds.

- A successful motion to dismiss by the Equity Holder Defendants would result in their complete dismissal from the case, leaving them subject only to third-party discovery under Fed. R. Civ. Pro. 45. Such discovery generally is far more limited than party discovery. *See, e.g., Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608 (RJH) (JCF), 2010 WL 1327921, *10 (S.D.N.Y. Apr. 5, 2010) ("special weight [should be given] to the burden on non-parties of producing documents to parties involved in litigation.") (citation omitted).

- Nor would it make sense to adopt a compromise approach in which discovery could go forward now on those issues that are not directly addressed by the motions (i.e., domain names, the SAVE THE PLANET mark and the HRH mark). Many if not most of the same defense witnesses and document custodians are implicated by all the claims. It would be costly and inefficient to collect, review and produce documents and take depositions from those individuals on a limited set of issues, then have to repeat the process after the motions are decided. Defendants have taken and are taking measures to preserve relevant documents.

  c) <u>Turner Defendants' Position</u>

The Turner Defendants also believe a stay of discovery is necessary pending the resolution of the Hard Rock Defendants' anticipated motions specifically relating to Rehab. As the Hard Rock Defendants' correctly point out, their motions directly address Plaintiff's claims regarding the content and quality of Rehab. Significantly, almost all of the relevant discovery likely to be demanded from the Turner Defendants will concern the quality and content of Rehab.

Particularly here, the Turner Defendants should be permitted to avoid the substantial burden and expense of discovery unless and until absolutely necessary. As should be readily apparent from the Amended Complaint, this litigation really has little to do with the Turner Defendants production and telecast of Rehab. That this litigation is NOT about Plaintiff's trademarks being infringed by Rehab is plainly evidenced by the fact that Plaintiff raised no objection to Rehab until the third season was well underway. The current action is in fact the

result of the latest round of sparring between the Hard Rock Café and the Hard Rock Hotel over the scope of rights granted to the Hard Rock Defendants under the relevant license agreement. Indeed, this is not the first time Plaintiff has sued the Hard Rock Defendants over the scope of licensed rights. Thus, before the Turner Defendants are pulled deeper into this on-going dispute, motions that can potentially limit or resolve the scope of the relevant claims should be resolved.

**6.  Proposed Discovery Schedule**

    a)  The Parties' Agreed Upon Dates

The parties agree that, when discovery begins, they shall be required to serve any initial interrogatories and requests for the production of documents within 30 days of the commencement of the discovery period; however, as stated in the preceding section, they disagree as to when the discovery period shall commence. The parties also agree that they shall serve written responses to such interrogatories and document requests within 30 days of service thereof. The parties further agree that a rolling production of documents shall begin within 30 days of the service of written responses, but disagree as to when such rolling production shall be complete.

The parties also agree that any initial third-party document requests shall be served within 30 days of the commencement of the discovery period.

    b)  Plaintiff's Proposed Schedule for Remaining Dates

Plaintiff proposes that the rolling production of documents shall be substantially complete within sixty (60) days of the service of written responses to document requests.

Plaintiff also proposes that fact depositions begin at any time after the commencement of the discovery period and be completed by the end of the discovery period, which shall be six months from the date of the Pre-Motion Conference, *i.e.*, June 3, 2011. All fact discovery,

including, but not limited to the service of any contention interrogatories, requests for admission, follow-on requests for documents and third-party discovery requests, as well as all responses thereto shall be complete by June 3, 2011.

Lastly, plaintiff proposes that expert disclosures concerning matters as to which the disclosing party bears the burden of proof shall be made by April 1, 2011.  Disclosures concerning rebuttal experts shall be made within 45 (forty five) days thereafter, *i.e.* by May 16, 2011.  Rebuttal reports, if any, shall be completed by May 30, 2011.

      c)      <u>Defendants' Proposed Schedule for Remaining Dates</u>

All Defendants propose that the rolling production of documents shall be substantially complete within 90 days of the service of written responses; fact depositions shall begin after the deadline for the substantial completion of the document productions, and be completed within 90 days thereafter; and that all fact discovery, including but not limited to the service of any contention interrogatories, requests for admission, follow-on requests for documents and third-party discovery requests, as well as responses thereto, shall be completed within 60 days of the completion of depositions.

Defendants also propose that expert disclosures concerning matters as to which the disclosing party bears the burden of proof shall be made within 30 days of the completion of fact discovery; disclosures concerning rebuttal experts shall be made within 30 days thereafter; and all expert discovery shall be completed within 90 days of the completion of fact discovery.

**7.**      **<u>Discovery of Electronically Stored Information</u>**

The parties agree that the default approach shall be to produce documents in the format in which they were originally maintained, so that electronic documents are produced in an

electronic format and hard-copy documents are produced in a paper format.  The parties further agree that the default electronic format for production shall be .tif images.  The parties recognize, however, that there may be certain categories of electronic documents that require production in their native format or some other non-.tif format.  The parties acknowledge that an acceptable alternative electronic format shall be text searchable .pdf documents.  In those circumstances, the party that intends to produce in a non-.tif format will inform the other parties of this fact and will produce the materials in a format that is readily accessible to all.  The parties also agree to work together to address any issues that may arise with the production of documents, both in electronic and paper format, going forward.

**8.**     **Claims of Privilege and Protection of Trial Preparation Materials**

The parties agree that a protective order should be entered in this case and will submit a proposed order for the Court's consideration.  The parties also agree that a clawback provision for inadvertently produced privileged material should be included in such a protective order.

**9.**     **Settlement Discussions**

Plaintiff, the Hard Rock Defendants and the Equity Holder Defendants agree that engaging in settlement discussions would not be productive at this stage of the litigation given that unsuccessful discussions between them that preceded the commencement of this action.  Plaintiff has advised defendants that it does not believe it would be productive to engage in settlement discussions until after the close of discovery.

The Turner Defendants believe the nature of this action and the claims at issue are well suited for pre-discovery mediation, particularly because the Turner Defendants believe protracted discovery on the claims relating to Rehab is a waste of time and resources.  Plaintiff

raised no objection to Rehab until the third season was underway and it is entirely unclear what damages Plaintiff has purportedly suffered as a result of Rehab.  At this point, the entire third season of Rehab has aired, and as Plaintiff is well aware, there will not be a fourth season.  The Turner Defendants are at a loss as to what relief Plaintiff even seeks from them at this point, and urge the Court to explore further with the parties a mediation.

**10.**     <u>**Proposed Post-Discovery Schedule**</u>

<u>Amending the Pleadings/Adding Parties</u>

The parties agree that any motions to amend the pleadings or to add parties shall be filed no later than 60 days prior to the close of fact discovery.

<u>Dispositive Motions</u>

The parties agree that any dispositive motions shall be filed no later than 30 days following the close of discovery.  Oppositions to dispositive motions shall be filed no later than 30 days following the filing of dispositive motions.  Any replies shall be filed 15 days thereafter.

**11.**     <u>**Joint Pre-Trial Order**</u>

a)     <u>Plaintiff's Proposal</u>

Plaintiff proposes that the parties file the Joint Pre-Trial Order within 30 days of the completion of discovery, as is set forth in Section 6(a) of the Court's Individual Practices.

b)     <u>The Hard Rock Defendants' and Equity Holder Defendants' Proposal</u>

The Hard Rock Defendants and Equity Holder Defendants propose that the parties file the Joint Pre-Trial Order within 90 days after the close of expert discovery, or 30 days after entry of a ruling on any outstanding dispositive motions, whichever is later.

**12.**     **Jury Instructions**

      a)     Plaintiff's Proposal

Plaintiff proposes that the parties file their jury instructions in the manner set forth in Section 6(b) of the Court's Individual Practices and that such filings be made in accordance with the schedule set forth therein (*i.e.* 15 days before the commencement of trial if the date has been fixed or 30 days after the final pretrial order if no trial date has been fixed).

      b)     The Hard Rock Defendants' and Equity Holder Defendants' Proposal

The Hard Rock Defendants and Equity Holder Defendants propose that if a trial is to be by jury, then within one week after submission of the Joint Pre-Trial Order, counsel for each party shall submit to the Court, with a copy to opposing counsel, written REQUESTS FOR INSTRUCTIONS TO THE JURY.  Supplemental requests for instructions may be submitted at any time up to the day before arguments to the jury.  All requests for instructions shall be plainly marked with the name and number of the case; shall identify the party making the requests; shall contain citations of supporting authority, if any; and, in the case of multiple requests made by a party, shall be numbered in sequence.

[signature page follows]

Respectfully submitted,

| | |
|---|---|
| S/<br>Bruce R. Ewing (BE-0724)<br>Brooke E. Pietrzak (BP-7314)<br>Gianfranco G. Mitrione (GM-8618)<br>DORSEY & WHITNEY LLP<br>250 Park Avenue<br>New York, NY 10177-1500<br><br>Attorneys for Plaintiff Hard Rock Cafe International (USA), Inc.<br><br>Dated: December 2, 2010 | S/<br>James Regan<br>James F. Rittinger<br>SATTERLEE STEPHENS BURKE & BURKE LLP<br>230 Park Avenue<br>New York, New York 10169<br><br>Attorneys for Defendants Turner Broadcasting System, Inc., Brad Lachman Productions, Inc. and Genco Entertainment, Inc.<br><br>Dated: December 2, 2010 |
| S/<br>Jeremy Feigelson<br>Julie M. Calderon Rizzo<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue<br>New York, NY 10022<br><br>Attorneys for Defendants Hard Rock Hotel Holdings, LLC, Hard Rock Hotel, Inc., HRHH IP, LLC, Morgans Hotel Group Co., Morgans Hotel Group Management, LLC, Morgans Group, LLC, DLJMB HRH Voteco, LLC, DLJ MB IV HRH, LLC and DLJ Merchant Banking Partners IV, L.P.<br><br>Dated: December 2 , 2010 | |

23326834v3