James F. Rittinger
James J. Regan
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY  10169-0079
(212) 818-9200
*Attorneys for Defendant*
*Turner Broadcasting System, Inc.*

UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
HARD ROCK CAFE INTERNATIONAL (USA),
INC.
                          Plaintiff,                10-cv-7244

    -against-

                                       **ANSWER TO AMENDED**
                                            **COMPLAINT**
HARD ROCK HOTEL HOLDINGS, LLC, HARD
ROCK HOTEL, INC., HRHH IP, LLC, MORGANS
HOTEL GROUP CO., MORGANS HOTEL GROUP
MANAGMENT, LLC, DLJMB HRH VOTECO,
LLC, TURNER BROADCASTING SYSTEM, INC.,
BRAD LACHMAN PRODUCTIONS, INC. and
GENCO ENTERTAINMENT, INC.
                          Defendant.
--------------------------------------------------------------- x

       Defendant Turner Broadcasting System, Inc. ("Turner"), by its attorneys Satterlee Stephens Burke & Burke LLP, for its answer to the First Amended Complaint filed by Hard Rock Café International (USA), Inc. ("Plaintiff"), responds as follows:

## INTRODUCTION

1. Denies the allegations in paragraphs 1 through 3.

## PARTIES, JURISDICTION AND VENUE

2. Denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraphs 4 through 13.

3. Admits the allegations in paragraph 14.

4. Denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraphs 15 through 16.

5. States that paragraphs 17 to 19 consist of jurisdictional invocations and a legal conclusion as to which no responsive pleading is required.

## FACTS

6. Denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraphs 20 through 26.

7. Denies the allegations in paragraph 27.

8. Denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraph 28 except refers to the trademark registrations referenced therein, which document speaks for itself.

9. Denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraph 29.

10. Denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraph 30.

11. Denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraph 31 except refers to the License Agreement referenced therein, which document speaks for itself.

12. Denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraphs 32 through 43 except refers to the License Agreement referenced therein, which document speaks for itself.

13. Admits that truTV is a cable television network owned and operated by the Courtroom Television Network LLC, an indirect, wholly owned subsidiary of Turner Broadcasting System,

Inc.; that the series Rehab is telecast on the truTV cable television network; that the series Rehab first aired on the truTV cable television network in November 2008; that truTV's telecast is distributed nationwide to operators who control to whom, and the locations to which, their signals are received; and that the series Rehab has been licensed for exhibition internationally, but otherwise denies the allegations in paragraph 44.

14. Admits that truTV has aired the first two seasons of Rehab; that the first season consisted of eight episodes that originally premiered in November through December 2008; that the second season consisted of ten episodes that originally premiered in September through November 2009; and that all of these eighteen episodes have been subsequently re-aired by truTV, but otherwise denies the allegations in paragraph 45.

15. Admits that the third season of Rehab originally premiered on September 7, 2010 on truTV but otherwise denies the allegations in paragraph 46.

16. Admits the allegations in paragraph 47 that Rehab is a "reality" television program depicting events occurring at pool parties held on Sundays at the Las Vegas Hard Rock Hotel and Casino but otherwise denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraph 47.

17. Denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraph 48 through 53.

18. Denies the allegations set forth in paragraph 54 to the extent it alleges misconduct relating to the creation and airing of Rehab and otherwise denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraph 46.

19. Denies the allegations set forth in paragraphs 55 thorugh 57.

20. Denies the allegations set forth in paragraphs 58 except denies knowledge and information sufficient to form an opinion with respect to the purported "communications" referenced therein.

21. Denies the allegations set forth in paragraph 59 except denies knowledge and information with respect to the alleged "assurances provided by officers of HR Holdings" and denies knowledge and information sufficient to form an opinion with respect to the purported "communications" referenced therein.

22. Denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraphs 60 and 61.

23. Denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in the first sentence of paragraphs 62.  Denies the allegations set forth in the second sentence of paragraph 62.

24. Denies knowledge or information sufficient to form an opinion with respect to the allegations that "[d]efendants HR IP and HR Holdings have intentionally, materially breached paragraph 6(b) of the License Agreement," and otherwise denies the allegations set forth in paragraph 63.

25. Denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraphs 64.

26. Denies the allegations set forth in paragraphs 65 through 67.

27. The allegations set forth in paragraphs 68 through 119 are not directed at, and do not relate to, Turner, but to the extent a response is required by Turner, it denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraphs 68 through 119.

## FIRST CLAIM FOR RELIEF

### Breach of Contract – Against Defendants HR IP and HR Holdings

28. The allegations set forth in paragraphs 120 through 124 are not directed at, and do not relate to, Turner, but to the extent a response is required by Turner, it denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraphs 120 through 124.

## SECOND CLAIM FOR RELIEF

### Declaratory Judgment – Against Defendants HR IP and HR Holdings

29. The allegations set forth in paragraphs 125 through 127 are not directed at, and do not relate to, Turner, but to the extent a response is required Turner, it denies knowledge or information sufficient to form an opinion with respect to the allegations set forth in paragraphs 125 through 127.

## THIRD CLAIM FOR RELIEF

### Dilution Under Section 43(c) of the Lanham Act – Against All Defendants

30. In response to paragraph 128 of the Complaint, repeats and realleges each and every response to the allegations contained in paragraphs 1 through 127, inclusive, of the Complaint with the same force and effect as if fully set forth herein.

31. Denies the allegations in paragraphs 129 through 131.

## FOURTH CLAIM FOR RELIEF

### Trademark Infringement Under Section 32(a) of the Lanham Act – Against All Defendants

32. In response to paragraph 132 of the Complaint, repeats and realleges each and every response to the allegations contained in paragraphs 1 through 131, inclusive, of the Complaint with the same force and effect as if fully set forth herein.

33. Denies the allegations in paragraphs 133 through 135.

## FIFTH CLAIM FOR RELIEF

**Unfair Competition under Section 43(a)(1)(A) of the Lanham Act – Against All Defendants**

34. In response to paragraph 136 of the Complaint, repeats and realleges each and every response to the allegations contained in paragraphs 1 through 135, inclusive, of the Complaint with the same force and effect as if fully set forth herein.

35. Denies the allegations in paragraphs 137 through 139.

## SIXTH CLAIM FOR RELIEF

**Violation of the New York Anti-Dilution Statute – Against All Defendants**

36. In response to paragraph 140 of the Complaint, repeats and realleges each and every response to the allegations contained in paragraphs 1 through 139, inclusive, of the Complaint with the same force and effect as if fully set forth herein.

37. Denies the allegations in paragraphs 141 through 143.

## SEVENTH CLAIM FOR RELIEF

**Common Law Trademark Infringement – Against All Defendant**

38. In response to paragraph 144 of the Complaint, repeats and realleges each and every response to the allegations contained in paragraphs 1 through 143, inclusive, of the Complaint with the same force and effect as if fully set forth herein.

39. Denies the allegations in paragraphs 145 through 147.

## EIGHTH CLAIM FOR RELIEF

**Common Law Trademark Infringement – Against All Defendant**

40. In response to paragraph 148 of the Complaint, repeats and realleges each and every response to the allegations contained in paragraphs 1 through 147, inclusive, of the Complaint with the same force and effect as if fully set forth herein

41. Denies the allegations in paragraphs 149 through 151.

**AFFIRMATIVE DEFENSES**

Turner, without assuming the burden of proof on those matters for which Plaintiff bears such burden, alleges for its defenses in this action as follows:

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

1. Plaintiff's claims or portions thereof fail to state a claim upon which relief may be granted or damages awarded.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

2. Plaintiffs' claims are barred in whole or part by the doctrines of waiver, estoppel, and/or unclean hands.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's claims are barred in whole or in part to the extent Plaintiffs fail or have failed to mitigate, minimize, and/or avoid purported damages, if any.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims are barred in whole or part by the doctrine of laches.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

1048036_1

5. Any injuries and damages sustained by the Plaintiff were caused solely and wholly by reason of the conduct and/or the negligence of some third person or persons not under the control of Turner.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff suffered no actual damage, financial or otherwise, as a result of the acts complained of.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. The acts complained of did not cause confusion or mistake, nor likely confusion or mistake.

### AS AND FOR AN EIGTH AFFIRMATIVE DEFENSE

8. Turner's conduct has not diluted or tarnished Plaintiff's alleged trademarks.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

9. Alternatively, Plaintiff has abandoned its trademark by failing to adequately police its marks.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10. Plaintiff has acknowledged Turner's right to identify the program "Rehab" as occurring at the Hard Rock Hotel and Casino.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs are not entitled to injunctive relief because it has not established irreparable harm.

Dated: New York, NY
December 7, 2010

        SATTERLEE STEPHENS BURKE & BURKE LLP

        /s/ James F. Rittinger
        James F. Rittinger
        James J. Regan
        Satterlee Stephens Burke & Burke LLP
        230 Park Avenue
        New York, NY  10169-0079
        (212) 818-9200
        *Attorneys for Defendant*
        *Turner Broadcasting System Inc.*

1048036_1