USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/5/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARD ROCK CAFE INTERNATIONAL
(USA), INC.,

        Plaintiff,

      -v-

HARD ROCK HOTEL HOLDINGS, LLC,
HARD ROCK HOTEL, INC., HRHH IP,
LLC, MORGANS HOTEL GROUP CO.,
MORGANS HOTEL GROUP
MANAGEMENT, LLC, MORGANS
GROUP, LLC, DLJMB HRH VOTECO,
LLC, DLJ MB IV HRH, LLC, DLJ
MERCHANT BANKING PARTNERS IV,
L.P., TURNER BROADCASTING
SYSTEM, INC., BRAD LACHMAN
PRODUCTIONS, INC. and GENCO
ENTERTAINMENT, INC.,

        Defendants.

Civil Action No.: 10 CV 7244 (WHP)



RECEIVED
MAY - 3 2011
CHAMBERS OF
WILLIAM H. PAULEY
U.S.D.J.

### STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Hard Rock Cafe International (USA), Inc. ("HRCI") has filed a

First Amended Complaint against Defendants Hard Rock Hotel Holdings, LLC, Hard Rock

Hotel, Inc. and HRHH IP, LLC (the "Hard Rock Defendants"), Morgans Hotel Group Co.,

Morgans Hotel Group Management LLC, Morgans Group LLC, DLJMB HRH VoteCo, LLC,

DLJ MB IV HRH, LLC and DLJ Merchant Banking Partners IV, L.P. (the "Equity Holder

Defendants") and Turner Broadcasting System, Inc., Brad Lachman Productions, Inc. and Genco

Entertainment, Inc. (each Plaintiff and Defendant individually a "Party," and collectively, the

"Parties") in the above-captioned action (the "Action");

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.    5/5/11

WHEREAS, Defendants Hard Rock Hotel Holdings, LLC and HRHH IP, LLC have asserted Counterclaims against Plaintiff HRCI in the Action;

WHEREAS, the conduct of the Action will involve the disclosure of trade secrets or other confidential proprietary, business, research, financial and commercial information;

WHEREAS, the Parties hereto seek to preserve their privacy and property interests in such information, without unduly encroaching on the public's right to be informed of judicial proceedings, and recognizing that a Party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record, and that any Party may challenge any designation of confidentiality pursuant to this protective order;

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties hereby stipulate to the entry of this protective order (the "Protective Order") limiting the disclosure of certain information produced or otherwise discovered and agree to be bound by the restrictions of the Protective Order limiting use of such information as provided;

IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

1.      This Protective Order shall govern the disclosure and use by the Parties of all Documents, tangible things or other information produced, provided (formally or informally), served or submitted either by a Party or by a non-party, to any of the other Parties or the Court in connection with this Action. Notwithstanding the foregoing, nothing in this paragraph 1 or in this Protective Order shall be deemed to limit or otherwise restrict or impair in any manner any Party's use or disclosure of its own information, in whatever form.

2.      Definitions

For purposes of this Stipulated Protective Order, the following definitions shall apply:

     a.    "Confidential Information" shall mean Documents, tangible things or other information produced pursuant to any request, deposition, interrogatory or testimony in pursuit of the Action and which is designated by the Disclosing Party as "CONFIDENTIAL", as herein provided, that the Disclosing Party in good faith believes (1) contains trade secrets or other proprietary or confidential research, development, marketing, financial, personnel, technical or commercial information, including but not limited to business plans, financial statements, customer data, consumer surveys, accounting reports, license agreements, minutes of board of directors meetings, marketing and advertising plans, market research, studies for litigation purposes or other commercial information, or (2) is governed by a non-disclosure, confidentiality or other similar agreement between the Disclosing Party and a non-party or Party. Confidential Information shall not include material that is in the public domain (i.e. generally known and reasonably ascertainable by proper means) or that is required by law to be included in a public record.

     b.    "Disclosing Party" shall mean any Party or non-party who produces Documents, tangible things or other information in connection with the conduct of the Action orally during testimony at depositions or at trial, in writing or through the production of Documents or otherwise during the conduct of the Action, as well as any non-party that has provided to a Party Documents, tangible things or other information that said Party is requested to produce or produces in connection with the conduct of the Action.

     c.    "Document" shall have the meaning contemplated by Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3(c)(2) of the Local Rules of the Southern District of New York, and its meaning includes, but is not limited to: records, exhibits, reports, samples, transcripts, oral testimony, video or audio recordings, affidavits, briefs, summaries, notes,

abstracts, drawings, records and reports, computer code, databases, version control systems, communications, letters, correspondence, emails and attachments thereto, answers to interrogatories, responses to requests for admissions, pleadings or motions, and any portions of any court papers filed in this Action that quote from or summarize any of these items, including copies or computer-stored versions of any of the foregoing. The term "Document" as used herein specifically includes electronically stored information as that term is used in the Federal Rules of Civil Procedure.

        d.     "Highly Confidential Information" shall mean such Confidential Information produced pursuant to any request, deposition, interrogatory or testimony in pursuit of the Action and which is designated by the Disclosing Party as "HIGHLY CONFIDENTIAL", as herein provided, that the Disclosing Party deems in good faith to constitute or refer to competitively sensitive commercial information, such as trade secrets and financial plans and results, the disclosure of which would cause competitive disadvantage or harm to the business, commercial or financial interests of the Disclosing Party if disclosed to the Receiving Party and/or non-parties.

        e.     "Qualified Person" shall mean:

             (i.)     Outside counsel of record for a Party, including regular and temporary attorneys, secretaries, paralegals and other staff employed in the offices of such outside counsel who are working on the Action, as well as service vendors of such counsel (including outside copying services and outside litigation support services);

- 4 -

(ii.)   Officers and employees of the Parties, in-house counsel of the
Parties' parent corporations, and insurers of the Parties, but only to
the extent reasonably necessary to conduct the Action;

(iii.)  Any court reporter who transcribes testimony at a deposition,
hearing or other proceeding in this Action;

(iv.)   The Court and the Court's personnel, as well as any mediator or
arbitrator in this Action;

(v.)    Any person who is a third party fact or potential fact witness (and
counsel for such witness) to the extent reasonably necessary in
connection with their testimony at depositions or at trial of this
Action or in the preparation for such testimony, but only after they
agree to be bound by the terms of this Protective Order in the form
of Exhibit A, attached hereto (such signed agreement shall be
preserved by counsel for the witness and provided to the
Disclosing Party upon request);

(vi.)   Any independent person, firm or corporation retained by any Party
or its outside counsel of record in connection with this Action as an
independent consultant or expert who agrees to be bound by the
terms of this Protective Order in the form of Exhibit A, attached
hereto (such signed agreement shall be preserved by the retaining
Party or its outside counsel of record and provided to counsel for
the Disclosing Party upon request, but only following the
disclosure by the retaining Party of the existence and identity of

- 5 -

such consultant or expert) provided that the requirements set forth in paragraph 11 are also met;

(vii.) Any other person who is designated as a Qualified Person (1) by written agreement of counsel for the Parties or (2) by Order of this Court, after (a) notice to all Parties and to any non-party Disclosing Party whose Confidential Information or Highly Confidential Information may be disclosed to such other person and (b) a hearing. Such person must also agree to be bound by the terms of this Protective Order in the form of Exhibit A, attached hereto (such signed agreement shall be preserved by counsel for the Qualified Person and provided to the Disclosing Party upon request) before being provided with Confidential or Highly Confidential Information.

f.     "Receiving Party" is defined herein as any individual who has received Documents, tangible things or other information properly designated as Confidential or Highly Confidential pursuant to this Protective Order.

3.     A Disclosing Party may designate Confidential Information as defined herein. In designating Confidential Information, the Disclosing Party will make such designation only as to that information that it in good faith believes contains Confidential Information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c). No Documents, tangible things or other information shall be deemed Confidential Information if it is disclosed in a printed publication available to the public or trade, is generally known throughout the trade and public, or is or comes to be known to a Party through means not constituting breach of any

proprietary or confidential relationship or obligation, breach of this Protective Order or any improper means and is not the subject of a non-disclosure, confidentiality or other similar agreement.

      4.     Documents, tangible things or other information produced that contain Confidential Information may be designated as such by marking the first page or tangible medium containing such information, if it is not a paper document, or each page if it is a paper document at or before the time of production as follows:

**"CONFIDENTIAL"**

      5.     Access to information designated as Confidential shall be limited exclusively to Qualified Persons (as defined in paragraph 2(e) above). A Receiving Party shall treat Confidential Information as "Confidential" under this Protective Order as soon as a Disclosing Party so designates the Confidential Information.

      6.     A Disclosing Party may designate Highly Confidential Information as defined herein. In designating Highly Confidential Information, the Disclosing Party will make such designation only as to that information that it in good faith believes contains Highly Confidential Information, as defined herein and is consistent with Federal Rule of Civil Procedure 26(c).

      7.     Documents, tangible things or other information produced that contain Highly Confidential Information may be designated as such by marking the first page or tangible medium containing such information, if it is not a paper document, or each page if it is a paper document at or before the time of production as follows:

**"HIGHLY CONFIDENTIAL"**

      8.     Access to information designated as Highly Confidential shall be limited exclusively to the Qualified Persons identified in subsections (i.), (iii.), (iv.), (vi.) and (vii.) of Paragraph 2(e) of this Protective Order and also to the following employees or representatives of

the Parties: (i) for HRCI, Hamish Dodds (Chief Executive Officer of HRCI), Jay Wolszczak,

Esq. (Vice President of Business Affairs for HRCI) and Rebecca Roby, Esq. (Senior Director of

Business Affairs for HRCI); (ii) for the Hard Rock Defendants and Equity Holder Defendants,

Andrea Balkan (Managing Partner of Brookfield Real Estate Financial Partners LLC), Theresa

A. Hoyt (Senior Vice President of Brookfield Real Estate Financial Partners LLC), Daniel Norr,

Esq. (Senior Vice President & General Counsel of Hard Rock Hotel & Casino Las Vegas), David

Smail, Esq. (Executive Vice President and General Counsel of Morgans Hotel Group Co.),

Amber Asher, Esq. (Associate General Counsel and Senior Vice President of Morgans Hotel

Group Co.), Meredith Dahl, Esq. (Corporate Counsel of Morgans Hotel Group Co.), Nicole

Arnaboldi (Chairman, DLJ Merchant Banking Investment Committee, DLJ Merchant Banking

Partners), Neal Pomroy (Global Operating Partner of DLJ Merchant Banking Partners), Christina

Gross, Esq. (Managing Director and Co-Head of Legal Americas, Credit Suisse) and Peter

Kozlowski, Esq. (Director and Counsel, Credit Suisse Securities (USA) LLC); and (iii) for Brad

Lachman Productions, Inc. and Genco Entertainment, Inc., Albert Rettig, Esq., and for Turner

Broadcasting System, Inc., and Courtroom Television Network LLC, Kelly Black-Holmes, Esq.,

Peter Duitsman, Esq., and David Vigilante, Esq.  However, to the extent that Highly Confidential

Documents are exchanged with Brad Lachman Productions, Inc., Genco Entertainment Inc.

and/or Turner Broadcasting System, Inc., access to these materials shall be limited to Qualified

Persons identified in subsections (i.), (iii.), (iv.), (vi.) and (vii.) of Paragraph 2(e) of this

Protective Order, the attorneys listed above in this Paragraph 8 and Theresa Hoyt.  Furthermore,

the Parties' designation of employees or representatives in this Paragraph 8 shall be without

prejudice to their right to seek to add additional employees or representatives to it at a later date.

A Receiving Party shall treat Highly Confidential Information as Highly Confidential under this

Protective Order, as soon as a Disclosing Party so designates the Highly Confidential Information.

9.     Inadvertent failure to designate materials as Confidential Information or Highly Confidential Information at the time of production shall not constitute a waiver of the Disclosing Party's claim of confidentiality and may be remedied by supplemental written notice enclosing copies of the Documents, tangible things or other information properly designated as Confidential or Highly Confidential. If such notice is given, all Documents, tangible things or other information so designated shall immediately be subject to this Protective Order as if they had initially been designated as Confidential or Highly Confidential Information, as the case may be. Each Party or non-party who receives such notice shall, within five (5) business days, retrieve the misdesignated or undesignated Documents, tangible things or other information (including all copies) and either return them to the Disclosing Party or certify their destruction. The Receiving Party shall have no liability to the Disclosing Party, the Court, or third parties for any use or disclosure of any Documents, tangible things or other information prior to the time that the Disclosing Party notified the Receiving Party in writing of the change in or addition of a restrictive designation under this Protective Order.

10.     The designation of Confidential Information or Highly Confidential Information by any Party shall not be determinative and may be modified or eliminated in any of the following ways: (a) the Disclosing Party may unilaterally advise the other Parties in writing that it is eliminating or downgrading the confidentiality designation concerning any material it designated as Confidential or Highly Confidential; (b) upon request by another Party, the Disclosing Party may agree to eliminate or downgrade the confidentiality designation concerning any material it designated as Confidential or Highly Confidential; or (c) if a Party advises the

- 9 -

Disclosing Party that it objects to the designation of Documents, tangible things or other information as Confidential or Highly Confidential and, after meeting and conferring, the Disclosing Party does not agree to eliminate or downgrade the confidentiality designation, the objecting party may move the Court to eliminate or downgrade the designation. The burden of proving that the Documents, tangible things or other information has been properly designated shall be on the Party who made the original designation. While any such motion is pending, the Documents, tangible things or other information subject to that motion will remain as originally designated.

11. In the event that any Party or their outside counsel of record retains independent consultants or experts to furnish services or to give testimony with respect to the subject matter of this Action, and such Party desires to disclose to such independent consultant or expert any information designated by a Disclosing Party as Confidential or Highly Confidential, then such disclosure shall be permitted only if the independent consultant or expert is not a former shareholder, officer, director or employee of a Party or an officer, director or employee of a direct competitor of a Party.

12. If Confidential Information or Highly Confidential Information is to be discussed or disclosed during a deposition, any Party shall have the right to exclude from attendance at the deposition, during the time the Confidential Information or Highly Confidential Information is to be discussed, any person or entity not entitled under this Protective Order to receive such information.

13. Subject to the applicable rules of evidence, Confidential Information or Highly Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information or Highly

Confidential Information gives reasonable advance notice to the Court and counsel for the

Disclosing Party. Any Party may move the Court for an order that the evidence be received *in*

*camera* or under conditions to prevent unnecessary disclosure. If presented at trial, the status of

evidence as Confidential or Highly Confidential shall not be disclosed to the finder of fact.

      14.    Depositions or portions thereof may be classified as Confidential or Highly

Confidential Information either by the examining Party's attorney or by an attorney defending or

attending the deposition. A Party claiming that a deposition or portion thereof is Confidential

Information or Highly Confidential Information shall give notice of such claim to the other

affected Parties or non-parties either by making an appropriate statement on the record at the

time of the giving of such testimony, or in a letter to counsel and the court reporter within thirty

(30) calendar days after receipt of the deposition transcript by counsel for the witness, and the

testimony taken and the transcript of such deposition or portion thereof shall be designated as

Confidential or Highly Confidential as appropriate. All deposition transcripts or other pretrial

testimony shall be treated as Highly Confidential Information until the expiration of the 30th

calendar day after receipt by counsel for the witness of a copy of the transcript thereof. The

court reporter shall print a "Confidential" or "Highly Confidential" marking, as the case may be,

on the cover page and each page of the deposition transcript that contained Confidential

Information or Highly Confidential Information.

      15.    All Confidential or Highly Confidential Information submitted to the Court, and

all portions of pleadings, motions or other papers filed with the Court that disclose such

Confidential or Highly Confidential Information, shall be filed under seal with the Clerk of the

Court and kept under seal until further order of the Court. In addition, any Party filing any

portion of any pleading, motion or other paper under seal shall file via ECF a redacted copy of

any such pleading, motion or other paper that removes any and all references to the Confidential or Highly Confidential Information. If, after the conclusion of this Action and any time for appeal has expired, the Clerk of the Court desires to or must for any reason destroy any Confidential or Highly Confidential Information that was filed under seal, the Clerk of the Court may follow the regular procedures for such destruction.

16.     In the event that Documents, tangible things or other information designated pursuant to this Protective Order are disclosed to any person not authorized by this Protective Order to receive the Documents, tangible things or other information, the Party responsible for this disclosure must immediately, in writing, bring all pertinent facts relating to such disclosure to the attention of all Parties and any non-party Disclosing Party whose Confidential or Highly Confidential Information was disclosed and seek to prevent the further disclosure of such information. The identification under this section of a Party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

17.     The inadvertent or unintentional production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Upon receiving written notice from the Disclosing Party that materials asserted to be privileged or protected have been inadvertently or unintentionally produced, the Receiving Party shall immediately sequester such materials and then either return or certify the destruction of all such materials (and any copies that may have been made or distributed) to the Disclosing Party within five (5) business days. Nothing stated herein shall limit the right of a Party to challenge a claim of privilege or protection made pursuant to this paragraph.

- 12 -

18.    A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Protective Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, except that the failure to challenge the propriety of a designation of a Document, tangible thing or other information prior to the final Pre-Trial Conference shall preclude any subsequent challenge.

19.    Within sixty (60) calendar days after the conclusion of this Action and any time for appeal has expired, unless the Parties agree in writing to the contrary, any originals or reproductions of any Documents or tangible things produced by a Disclosing Party containing Confidential or Highly Confidential Information shall be destroyed, except that there shall be no obligation to return or destroy materials that are contained in emails referencing Confidential or Highly Confidential Information that were exchanged solely between Qualified Persons, or back-up tapes, and/or other archival electronic formats, and further, outside counsel of record shall be entitled to retain for archival purposes one (1) paper and one (1) electronic copy of pleadings, correspondence, deposition or trial transcripts, deposition or trial exhibits, memoranda, notes and other work product materials that contain or refer to Confidential and Highly Confidential Information.

20.    Insofar as the provisions of this Protective Order restrict the communication and use of the Documents and tangible things produced hereunder, this Order shall continue to be binding after the conclusion of this Action except that (a) there shall be no restriction on Documents and tangible things that are used as exhibits in open court (unless such exhibits were filed under seal) and (b) a Party may seek the written permission of the Disclosing Party or further order of the Court with respect to dissolution or modification of the Protective Order. Any application or motion to the Court for the entry of such an order shall be provided by the

Disclosing Party to any non-party whose Confidential or Highly Confidential Information could be disclosed, declassified, reclassified or otherwise affected by dissolution or modification of the Protective Order.

21.     This Protective Order is being entered without prejudice to the right of any Party or other person to move the Court for modification of or relief from any of its terms.

22.     All Disclosing Parties (including non-party Disclosing Parties) shall be obligated to provide contact information, including an address, facsimile number and an email address, to all other Disclosing Parties, and to update such information as needed. Any notice required to be given under this Protective Order shall be deemed effective and completed when dispatched by hand or facsimile transmission to counsel of record for the Party. Any notice required to be given to any non-party Disclosing Party under this Protective Order shall be deemed effective and completed when dispatched by hand or facsimile transmission to the non-party Disclosing Party using the most current contact information provided by them.

23.     Nothing shall prevent disclosure beyond the terms of this Order if the Disclosing Party consents to such disclosure, or if the Court, after notice to all Parties and a hearing, orders such disclosure.

24.     Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

25.     This Protective Order shall not be deemed (a) a waiver of any Party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any

Party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any Party's right to object to the admission of evidence on any ground; (d) a waiver of any Party's or producing entity's right to use or disclose its own documents, testimony, transcripts, and/or other materials or things at its sole own discretion; or (e) any waiver of the attorney-client privilege or protection of the work product doctrine.

26.     Nothing in this Protective Order shall bar amendment of this Protective Order by stipulation of the Parties or by Order of the Court.  Any such amendment made by stipulation of the Parties shall be made in writing.

27.     In the event disclosure of Confidential Information or Highly Confidential Information is sought from anyone subject to this Protective Order pursuant to a lawful subpoena, demand by governmental authority or other legal process, such person or entity shall, upon receipt of such request, notify the Disclosing Party by overnight mail and provide a copy of the subpoena or process and the date set for production, if specified.  The Disclosing Party may then seek to prevent disclosure by filing a motion for protective order or to take other appropriate action within a reasonable time, under the circumstances, but in any event prior to the date set for production, and the Confidential Information or Highly Confidential Information shall not be disclosed until resolution of any such challenge to the subpoena or process.

28.     The terms of this Protective Order shall survive termination of this Action.

SO STIPULATED:

Dated: New York, New York
     May 2, 2011

DEBEVOISE & PLIMPTON LLP

By: _____
    Bruce P. Keller
    Jeremy Feigelson
    Julie M. Calderon Rizzo
    919 Third Avenue
    New York, NY 10022
    (212) 909-6000

    *Attorneys for Defendants Hard Rock*
    *Hotel Holdings, LLC, Hard Rock Hotel,*
    *Inc., HRHH IP, LLC, Morgans Hotel*
    *Group Co., Morgans Hotel Group*
    *Management, LLC, Morgans Group,*
    *LLC, DLJMB HRH VoteCo, LLC, DLJ*
    *MB IV HRH, LLC, DLJ Merchant*
    *Banking Partners IV, L.P.*

DORSEY & WHITNEY LLP

By: _____
    Bruce R. Ewing
    Brooke E. Pietrzak
    Gianfranco G. Mitrione
    250 Park Avenue
    New York, New York 10177
    (212) 415-9200

    *Attorneys for Plaintiff Hard Rock Cafe*
    *International (USA), Inc.*

SATTERLEE STEPHENS BURKE &
BURKE LLP

By: _____
    James F. Rittinger
    James Regan
    230 Park Avenue
    Suite 1190
    New York, New York 10169
    (212) 818-9200

    *Attorneys for the Defendants Turner*
    *Broadcasting System, Inc., Brad*
    *Lachman Productions, Inc. and Genco*
    *Entertainment, Inc.*

SO ORDERED:

Dated:_____    _____

SO STIPULATED:

Dated: New York, New York
      May 2, 2011

DEBEVOISE & PLIMPTON LLP                    DORSEY & WHITNEY LLP

By: _____                By: _____
   Bruce P. Keller                             Bruce R. Ewing
   Jeremy Feigelson                            Brooke E. Pietrzak
   Julie M. Calderon Rizzo                     Gianfranco G. Mitrione
   919 Third Avenue                            250 Park Avenue
   New York, NY 10022                          New York, New York  10177
   (212) 909-6000                              (212) 415-9200

   *Attorneys for Defendants Hard Rock*        *Attorneys for Plaintiff Hard Rock Cafe*
   *Hotel Holdings, LLC, Hard Rock Hotel,*     *International (USA), Inc.*
   *Inc., HRHH IP, LLC, Morgans Hotel*
   *Group Co., Morgans Hotel Group*
   *Management, LLC, Morgans Group,*
   *LLC, DLJMB HRH VoteCo, LLC, DLJ*
   *MB IV HRH, LLC, DLJ Merchant*
   *Banking Partners IV, L.P.*


SATTERLEE STEPHENS BURKE &
BURKE LLP


By: _____
   James F. Rittinger
   James Regan
   230 Park Avenue
   Suite 1190
   New York, New York 10169
   (212) 818-9200

   *Attorneys for the Defendants Turner*
   *Broadcasting System, Inc., Brad*
   *Lachman Productions, Inc. and Genco*
   *Entertainment, Inc.*

SO ORDERED:

Dated:_____       _____

SO STIPULATED:

Dated: New York, New York
     May 2, 2011

DEBEVOISE & PLIMPTON LLP       DORSEY & WHITNEY LLP

By: _____      By: _____
     Bruce P. Keller                     Bruce R. Ewing
     Jeremy Feigelson                Brooke E. Pietrzak
     Julie M. Calderon Rizzo       Gianfranco G. Mitrione
     919 Third Avenue               250 Park Avenue
     New York, NY 10022         New York, New York  10177
     (212) 909-6000                 (212) 415-9200

     *Attorneys for Defendants Hard Rock*   *Attorneys for Plaintiff Hard Rock Cafe*
     *Hotel Holdings, LLC, Hard Rock Hotel,*  *International (USA), Inc.*
     *Inc., HRHH IP, LLC, Morgans Hotel*
     *Group Co., Morgans Hotel Group*
     *Management, LLC, Morgans Group,*
     *LLC, DLJMB HRH VoteCo, LLC, DLJ*
     *MB IV HRH, LLC, DLJ Merchant*
     *Banking Partners IV, L.P.*

SATTERLEE STEPHENS BURKE &
BURKE LLP

By: _____
     James F. Rittinger
     James Regan
     230 Park Avenue
     Suite 1190
     New York, New York 10169
     (212) 818-9200

     *Attorneys for the Defendants Turner*
     *Broadcasting System, Inc., Brad*
     *Lachman Productions, Inc. and Genco*
     *Entertainment, Inc.*

SO ORDERED:

Dated:_____      _____
                                  U.S.D.J.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARD ROCK CAFE INTERNATIONAL (USA), INC., | Civil Action No.: 10 CV 7244 (WHP) |

        Plaintiff,

        -v-

HARD ROCK HOTEL HOLDINGS, LLC,
HARD ROCK HOTEL, INC., HRHH IP,
LLC, MORGANS HOTEL GROUP CO.,
MORGANS HOTEL GROUP
MANAGEMENT, LLC, MORGANS
GROUP, LLC, DLJMB HRH VOTECO,
LLC, DLJ MB IV HRH, LLC, DLJ
MERCHANT BANKING PARTNERS IV,
L.P., TURNER BROADCASTING
SYSTEM, INC., BRAD LACHMAN
PRODUCTIONS, INC. and GENCO
ENTERTAINMENT, INC.,

        Defendants.

**CONFIDENTIALITY AGREEMENT**

By my signature, I, _____, hereby agree to and acknowledge the following:

1.    My address is _____

_____

2.    My present occupation is_____, and I am currently employed by_____. I am

- 17 -

employed by or have been retained by _____

with respect to this litigation.

     3.     I have received a copy of the Protective Order in this action, and have carefully read and understand its provisions.

     4.     I will be bound by the terms of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit, any information designated under the Protective Order, except as expressly permitted in the Protective Order.

     5.     I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for adjudication of any dispute about whether I have complied with the Protective Order and acknowledge that the Court may award relief to the Disclosing Party against me including, but not limited to, injunctive relief, monetary damages, sanctions, and the imposition of attorneys' fees and costs in the event I violate the terms of the Protective Order.

     6.     I am not an employee of any Party in this Action, nor do I have any intended employment or intended direct consultancy relationship with any Party in this Action.

     7.     I will keep and maintain all Confidential or Highly Confidential Information in a safe and secure fashion in order to ensure that such Documents, tangible things or other information are not made accessible to any person not qualified under the Protective Order to receive it.

     8.     I will return any and all Documents, tangible things or other information designated as Confidential or Highly Confidential Information together with all copies I may have made thereof (including any notes, abstracts, summaries, memos or the like I may have

- 18 -

made which contain or reflect any such Confidential or Highly Confidential Information) to the attorney(s) that furnished me with any such Documents, tangible things or other information (a) at the conclusion of the Action, (b) at the conclusion of my engagement in connection with the Action, or (c) at the request of the attorney(s) who furnished me with such Confidential or Highly Confidential Information.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:

Signature: _____

Date: _____, 20___

4826-6186-6505\1